KENNEDY, Circuit Judge.
We certified this interlocutory appeal under 28 U.S.C. § 1292 to determine whether plaintiffs’ filing of their products liability suit against defendants during the pen-dency of an automatic bankruptcy stay was sufficient commencement of the action for purposes of complying with the applicable statute of limitations. We reverse the District Court’s order and remand the case for dismissal for the reasons set forth below.
*907 I.
This case has a long procedural history. In July 1985, Carl Easley, Jr., a General Motors employee, was injured while operating a forklift that he alleges was designed and manufactured by defendants. Mr. Easley and his wife Mary Easley (“plaintiffs”) filed this products liability action in Genessee County, Michigan in July 1988. Plaintiffs filed the claim five days before the three-year Michigan statute of limitations for products liability actions ran under Mich.Comp.Laws Ann. § 600.5805.
In January 1986, however, Pettibone Corporation, an Illinois corporation, and its United States subsidiaries, including Petti-bone Michigan Corporation (“defendant”),[1] filed for bankruptcy under Chapter XI in the United States Bankruptcy Court for the Northern District of Illinois. Pursuant to 11 U.S.C. § 362(a), an automatic stay arises to protect the debtor from actions affecting its estate during the pendency of the bankruptcy proceeding, unless modified by court order. The stay was in effect when plaintiffs filed their Michigan state court claim. Upon service of the complaint, plaintiffs were informed that the Pettibone corporations were in the midst of a reorganization and that the automatic stay prohibited any person from commencing litigation against it.
On September 15,1988, plaintiffs filed an application in the bankruptcy court for an order authorizing them to file a late claim in the bankruptcy proceeding and for an order modifying the automatic stay to permit them to proceed with their lawsuit. On November 25, 1988, the bankruptcy court granted plaintiffs’ leave to file a late claim against the debtors, but denied their request for a modification of the stay. On December 9, 1988, the bankruptcy court approved the reorganization plan, which merged Pettibone Corporation and all of its subsidiaries into a reorganized Pettibone, a Delaware corporation, with its principal place of business in Illinois. On December 28, 1988, the plan went into effect and the stay was dissolved. This permitted products liability claimants who had pending actions to prosecute their claims.
On January 27, 1989, Pettibone Michigan filed a notice of removal of the state action to the federal district court for the Eastern District of Michigan under 28 U.S.C. § 1332 based on diversity of citizenship. Pettibone Michigan also filed its answer to the complaint. About the same time, Petti-bone Corporation, Pettibone Michigan and several other Pettibone subsidiaries filed an adversary complaint in the bankruptcy court in Illinois seeking declaratory and injunctive relief that plaintiffs’ state claim was null and void because its filing violated the automatic stay and it was otherwise barred by the statute of limitations, which had run in 1988. In February 1990, the bankruptcy court annulled the stay retroactively under 11 U.S.C. § 362(d), to allow the state action to proceed. The District Court for the Northern District of Illinois affirmed. The Seventh Circuit, however, vacated the order holding that the bankruptcy court was without jurisdiction to annul the stay retroactively. Pettibone v. Easley, 935 F.2d 120 (7th Cir.1991).
Thereafter, defendant moved to dismiss plaintiffs’ action in the District Court for the Eastern District of Michigan; the motion was denied. The court based the denial on its interpretation of an unpublished opinion of this Court, In re White Motor Corporation, 863 F.2d 50 (1988),[2] which treated an action filed in violation of the stay as voidable. We granted the parties’ motion for interlocutory appeal to determine whether an action filed in violation of an automatic stay imposed pursuant to 11 U.S.C. § 362(a) is void or voidable.
*908 II.
We are required to note any jurisdictional defects whether or not raised by the parties. “[Ejvery federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.” Greater Detroit Resource Recovery Authority v. United States Environmental Protection Agency, 916 F.2d 317, 319 (6th Cir.1990) (citations omitted). We have jurisdiction under 28 U.S.C. § 1441(b) (West 1979) only if the petition for removal was filed within 30 days of service of the complaint and if there was diversity of citizenship at the critical time. Under section 1441(b), diversity of citizenship must exist as to a party both at the time the state action is commenced and at the time the defendant files the petition for removal. Kinney v. Columbia Savings & Loan Association, 191 U.S. 78, 81, 24 S.Ct. 30, 31, 48 L.Ed. 103 (1903); Kanzelberger v. Kanzelberger, 782 F.2d 774, 776 (7th Cir.1986) (citing 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3723, at pp. 312-14 (2d ed. 1985)). State law determines when an action is commenced for removal purposes. Coman v. International Playtex, Inc., 713 F.Supp. 1324, 1328 (N.D.Cal.1989). In Michigan, a “civil action is commenced by filing a complaint with a court.” Michigan Court. Rules, MCR 2.101(B). Thus, under most circumstances, we would determine whether diversity of citizenship existed between the parties when the state court received the complaint and considered it filed. In this case, however, plaintiffs filed their state complaint while defendant was in bankruptcy, and thus, their action was in violation of the automatic stay. Section 362(a)(1) provides that a bankruptcy petition “operates as a stay, applicable to all entities, of the commencement or continuation ... of a judicial ... action or proceeding against the debtor that was or could have been commenced” before the debtor filed for protection under the bankruptcy laws. 11 U.S.C. § 362(a)(1) (emphasis added). We conclude that by operation of the automatic stay, the commencement of plaintiffs’ action, whether void or voidable, did not take place until the stay was lifted.
The Bankruptcy Rules governing removal are not inconsistent with this conclusion. Bankruptcy Rule 9027(a)(3) provides for removal of actions filed post-petition only if such actions are not stayed by the code or by court order. See Advisory Committee note. When an action against the debtor is filed pre-petition, and the action has been stayed by section 362(a), the debtor cannot file a petition for removal to the bankruptcy court until the stay is lifted. Bankr.R. 9027(a)(2)(B). It follows that when an action is filed post-petition, in violation of the stay, the debtor must wait until the stay is lifted before filing a petition to remove (in both cases, the debtor must file the petition within 30 days after the stay is lifted). At least one bankruptcy court has held that actions filed in violation of the stay are void, and therefore incapable of being removed. In re Columbus Broadway Marble Corp., 84 B.R. 322 (Bankr.E.D.N.Y.1988).
We also conclude that regardless of whether actions filed in violation of the automatic stay are void or voidable, a defendant may invoke the removal jurisdiction of the federal courts to seek dismissal of the action. A defendant cannot ignore the reality of a complaint, whether or not it contains a valid claim or whether properly or improperly filed, and must respond to it. Where, for example, the federal courts have exclusive jurisdiction of a claim so that a state court lacks jurisdiction, a defendant may remove. Similarly, where a party lacks standing, the claim may be invalid. In both instances, the defendant cannot ignore the complaint and leave it sitting on a court docket; it must respond with a motion to dismiss, which will dispose of the claim. We hold that actions filed in violation of the automatic stay are removable once the stay is lifted, if only to have a federal court declare that the action is void.
For the aforementioned reasons, we hold that when a debtor seeks to remove a state cause of action filed in violation of the automatic stay to federal court based on diversity jurisdiction, that action is com *909 menced and thus diversity must first exist at the time the stay is lifted. Further, the debtor must file its petition for removal within 30 days after the termination of the stay.
In this case, the stay was lifted on December 28, 1988. As of that day, Pettibone Michigan Corporation no longer existed, having been merged into a reorganized Pet-tibone, along with all of the other Pettibone subsidiaries. Reorganized Pettibone is a Delaware corporation with its principal place of business in Illinois. Therefore, diversity of citizenship between plaintiffs, Michigan residents, and reorganized Petti-bone existed upon the commencement of the plaintiffs’ state action and at the time of removal, January 27, 1989, which was within 30 days of the lifting of the stay. Fed.R.Crim.P. 6 (when computing any period of time, the day of the act from which the designated period of time begins to run shall not be included). Having satisfied ourselves of the District Court’s and this Court’s jurisdiction, we address the merits of this interlocutory appeal.
III.
There is no dispute that the July 1988 state filing violated the automatic stay provisions of 11 U.S.C. § 362(a)(1). A majority of the circuits, including this Circuit, have held that actions taken in violation of the automatic stay are void. See In re Potts, 142 F.2d 883, 888, 890 (6th Cir.1944), cert. denied, 324 U.S. 868, 65 S.Ct. 910, 89 L.Ed. 1423 (1945), but see In re Smith, 876 F.2d 524 (6th Cir.1989). See also, Raymark Industries, Inc. v. Lai, 973 F.2d 1125, 1132 (3d Cir.1992); In re Schwartz, 954 F.2d 569, 574 (9th Cir.1992); In re Calder, 907 F.2d 953, 956 (10th Cir.1990); In re 48th Street Steakhouse, Inc., 835 F.2d 427, 431 (2d Cir.1987), cert. denied, 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988); Matthews v. Rosene, 739 F.2d 249, 251 (7th Cir.1984); In re Smith Corset Shops, Inc., 696 F.2d 971, 976 (1st Cir.1982); Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir.1982); 2 L. King, Collier on Bankruptcy § 362.11 (15th ed. 1987) (“actions taken in violation of the stay are void and without effect”). The Fifth Circuit is alone in explicitly holding that actions taken during the pendency of the stay are voidable. Sikes v. Global Marine, 881 F.2d 176, 178 (5th Cir.1989).
In our opinion, the only path that will lead us to the correct answer in the void/voidable debate must begin by defining “void” and “voidable.” As should be evident, these words are not synonyms, however, they are often used interchangeably and imprecisely. “There is great looseness and no little confusion in the books in the use of the words void and voidable, growing, perhaps, in some degree, out of the imperfection of the language, since there are several kinds of defects which are included under the expressions void and voidable, while there are but two terms to express them all.” Bryan A. Garner, A Dictionary of Modern Legal Usage 570 (1987) (quoting, 92 C.J.S. at 1020-23 (1955)).
“Void” is defined as “an instrument or transaction [that] is nugatory and ineffectual so that nothing can cure it,” Black’s Law Dictionary 1573 (6th ed. 1990); and as that “of no legal force or effect and so incapable of confirmation or ratification.” Webster’s Third New International Dictionary 2562 (1971). “Voidable” is defined as “not void in itself,” Black’s Law Dictionary 1574 (6th ed. 1990), and as “capable of being adjudged void, invalid, and of no force,” Webster’s Third New International Dictionary 2562 (1971). We think that “invalid” is a more appropriate adjective to use when defining an action taken against a debtor during the duration of the automatic stay. Like the word “void,” “invalid” describes something that is without legal force or effect. However, something that is invalid is not incurable, in contrast to a void action which is incapable of being ratified.
Bankruptcy courts have the jurisdiction to modify the automatic stay so as to allow actions against the debtor. 11 U.S.C. *910 § 362(d).[3] This section expressly permits the bankruptcy court to annul the stay. This power to annul “permits the order to operate retroactively, thus validating actions taken by a party at a time when he was unaware of the stay. Such actions would otherwise be void.” 2 Collier on Bankruptcy § 362.07 (footnotes omitted). If we are to give effect to the statutory authority to annul a stay, such actions can only be described as invalid and voidable, since void actions are incapable of later cure or validation.
The Ninth Circuit has rejected this reasoning and has instead reasoned that the power to grant retroactive stay relief under section 362(d) “does not require the conclusion that actions in violation of the automatic stay are merely voidable.” In re Schwartz, 954 F.2d at 573 (quoting In re Garcia, 109 B.R. 335, 339 (N.D.Ill.1989)). “If a creditor obtains retroactive relief under section 362(d), there is no violation of the automatic stay, and whether violations of the stay are void or voidable is not at issue.” Id. We think that this approach to the problem creates a needless legal fiction, for when an action takes place during the stay, a violation of section 362(a) occurs. Any subsequent relief under section 362(d) validates the previously invalid act.
We are well aware of the importance and purpose of the automatic stay provision in providing fundamental protection to the debtor. “It stops all collection efforts, all harassment, and all foreclosure actions.” H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1978), reprinted in 1978 U.S.Code Cong. & Admin.News 6297. By finding that actions in violation of the stay are voidable instead of void, we are not imposing added or undue burdens on the debtor as the Ninth Circuit believes will happen:
If violations of the stay are merely voidable, debtors must spend a considerable amount of time and money policing and litigating creditor actions. If violations are void, however, debtors are afforded better protection and can focus their attention on reorganization.
In re Schwartz, 954 F.2d at 571. We believe the Ninth Circuit overstates the difference between what would be required of debtors if actions in violation of the stay are void or voidable, because in either case, the debtor must respond in some fashion to the action. A debtor need only file a motion to dismiss on the grounds that the action violates section 362(a) and should be declared void. Indeed, this is the procedure followed in all cases in which the void/voidable issue has arisen. And unless equity dictates otherwise, these actions will be voided by the court in which the invalid action against the debtor was filed. We emphasize that we are not encouraging creditors to violate the stay, and we offer no new exceptions to the operation of the stay by the mere holding that actions in violation of the stay are voidable.
Another reason for concluding that actions in violation of the automatic stay are voidable rather than void is the recognition by several circuits of an equitable exception to the operation of the stay. In re Colder, 907 F.2d 953; Matthews, 739 F.2d 249; In re Smith Corset Shops, 696 F.2d 971. By recognizing this exception, these circuits are really viewing actions taken in violation of the stay as voidable. In all three of these cases, the bankruptcy court acted within its equitable jurisdiction to lift the stay while the bankruptcy proceedings were taking place. Additionally, in all three cases, the courts found that the debtors were attempting to use the stay as a shield after an unreasonable delay in asserting the debtors’ rights under section 362. In In re Calder, the debtor failed to notify the creditor that it was in Chapter 13 proceedings and actively participated in state court litigation while in bankruptcy *911 proceedings. The Tenth Circuit recognized that generally, actions in violation of the stay are invalid regardless of notice of the stay. But where the debtor unreasonably withholds notice, and where the creditor would be prejudiced, the debtor cannot use the automatic stay provision as “a trump card played after an unfavorable result was reached in state court.” In re Calder, 907 F.2d at 956-57. In Matthews, the bankruptcy court found the debtor, who initiated the claim while in Chapter 13 proceedings, and who “unreasonably and inexcusably delayed asserting his claim,” guilty of laches which prevented the court from nullifying the three-year-old state order in favor of the creditor. Matthews, 739 F.2d at 251. In In re Smith Corset Shops, the debtor knew that the creditor, who did not know that the debtor began bankruptcy proceedings four days earlier, obtained a default judgment from the state court. Although the debtor watched as the constable removed his property from his warehouse, it was only after removal that the debtor notified the creditor of the stay and then sued the creditor for conversion. If successful in the conversion action, the debtor would have obtained from the innocent creditor the full original cost of the inventory which may have been unmarketable. The court found that equity prevented the debtor, who remained “stealthily silent,” to essentially use section 362 to void the creditor’s claim. In re Smith Corset Shops, 696 F.2d at 977.
This Circuit impliedly adopted this equitable exception in In re Smith, 876 F.2d 524 (6th Cir.1989). We cautioned that “any equitable exception to the stay must be applied sparingly.” Id. at 527. The Court indicated that in the absence of 1) an attempt to exploit the stay to gain an unfair advantage or 2) the fraudulent, willful delay in asserting the stay as a defense, actions taken during the pendency of the stay are void. This position is in conflict with the position this Court took in In re Potts, 142 F.2d 883, finding all such actions void without exception. The Supreme Court’s decision in Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940), is also cited as support for finding actions in violation of the stay void. Kalb involved a post-petition real property foreclosure action by a state court and was found to be
“not merely erroneous but ... beyond its power, void, and subject to collateral attack.” [Kalb, 308 U.S. at 438, 60 S.Ct. at 345.] When the Supreme Court decided Kalb in 1940, bankruptcy referees had the express statutory power only to modify or terminate the automatic stay. The power to annul the stay had not been authorized.[4] Accordingly, where the violation of the stay was statutorily proscribed and an applicable exception did not exist, the violative action was void. That scenario no longer applies. Sikes, 881 F.2d at 179 n. 2. See also, In re Columbus Broadway Marble, 84 B.R. at 325 n. 2. Potts also was decided before the Bankruptcy Code permitted annulment of a stay.
In summary, we hold that actions taken in violation of the stay are invalid and voidable and shall be voided absent limited equitable circumstances. We suggest that only where the debtor unreasonably withholds notice of the stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, or where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result, will the protections of section 362(a) be unavailable to the debtor. Under this framework, defendant in this case did not behave unreasonably and the equitable exception should not apply. As previously pointed out, as soon as defen *912 dant was made aware of plaintiffs’ lawsuit, it notified plaintiffs that their action was in violation of the automatic stay. Defendant did nothing to lull plaintiffs into believing it would not rely on the stay. Indeed, defendant moved to have plaintiffs’ action declared null and void after the thirty-day grace period for filing had expired. Although plaintiffs will be prejudiced because they have lost their products liability claim against defendant, this is because they failed to refile their action within the thirty-day grace period afforded by 11 U.S.C. § 108(c).[5] This section of the Bankruptcy Code provides that a claimant may file any suit, commencement of which was stayed 30 days after notice of the termination of the stay.[6] Accordingly, the July 1988 complaint filed by plaintiffs against defendant is voided. The District Court erred in denying defendant’s motion to dismiss because plaintiffs failed to refile their products liability claim within thirty days of the lifting of the automatic stay and the statute of limitations for such actions expired in 1988.
IV.
Plaintiffs raise additional issues not properly certified to this Court. However, “we recognize that even those issues not properly certified are subject to our discretionary power of review if otherwise necessary to the disposition of the case.” Pinney Dock & Transport Co. v. Penn Central Corp., 838 F.2d 1445, 1455 (6th Cir.1988), cert. denied, 488 U.S. 880, 109 S.Ct. 196, 102 L.Ed.2d 166 (1988).
Plaintiffs argue that filing a bankruptcy claim constitutes commencement of an action within the meaning of Michigan’s statute of limitations and thus tolls the statute. Mich.Comp.Laws Ann. § 600.5805. Under both the Federal Rules of Civil Procedure and the Michigan Rules of Court, an action is commenced by filing a complaint with a court. Fed.R.Civ.P. 3; M.C.R. 2.101(B). There are significant differences between a bankruptcy claim and a civil complaint. Moreover, even if we were to find that plaintiffs’ bankruptcy claim commenced an action within the meaning of Mich.Comp.Laws Ann. § 600.5805, which we do not suggest, this claim was filed during the stay as well as after the three-year statute of limitations for product liability actions ran.
Plaintiffs also argue that even if their July 1988 complaint was void due to the automatic stay, it still served to toll the statute of limitations. There is an equitable tolling doctrine in Michigan. See Sumner v. Goodyear Tire & Rubber Co., 427 Mich. 505, 528-29 n. 8, 398 N.W.2d 368 (1986). Michigan courts, however, have only recognized an estoppel action to limit a statute of limitations defense where the defendant engaged in deceitful conduct designed to induce the plaintiff to refrain from bringing the action within the period. Lothian v. Detroit, 414 Mich. 160, 177, 324 N.W.2d 9 (1982); Renackowsky v. Board of Water Commissioners, 122 Mich. 613, 616, 81 N.W. 581 (1900). Defendant never engaged in any such conduct. In fact, defendant alerted plaintiffs that the stay prohibited their action and also instructed them on how to protect their interests by filing a proof of claim with the bankruptcy court.
V.
Accordingly, the District Court’s order is REVERSED and the case is REMANDED *913 for dismissal in accordance with this opinion.

. When plaintiffs originally commenced this action, Pettibone Michigan Corporation was one of many subsidiaries of Pettibone Corporation. After coming out of bankruptcy reorganization, Pettibone Corporation merged with all of its subsidiaries to form one reorganized Pettibone Corporation. Reorganized Pettibone is the present defendant, and for that reason we will refer to a singular defendant throughout this opinion, unless referring to the former Pettibone Michigan Corporation.

. White Motor, an unpublished opinion, is not binding on this panel.

. Section 362(d) provides in pertinent part:
On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest_
11 U.S.C. § 362(d) (West Supp.1992)

. The Bankruptcy Rules and Official Bankruptcy Forms prescribed by the Supreme Court, pursuant to 28 U.S.C. § 2075, and which became effective on October. 1, 1973, were the first to reference the bankruptcy court’s power to annul the automatic stay. See, e.g., Bankr.R. 401(c), (d), 601(c), Order of Apr. 24, 1973, 411 U.S. 991, 1048, 1062. At the time of Kalb (1940) and In re Potts (1944), nothing in the Bankruptcy Code or in earlier versions of the Supreme Court’s Bankruptcy Orders (predecessors to the Rules) mentioned the power to annul. Not until 1978, with the passage of the Bankruptcy Reform Act, Pub.L. No. 95-598, 92 Stat. 2549, did the Bankruptcy Code include a provision authorizing the bankruptcy court to annul the automatic stay. See 11 U.S.C. § 362(d) (Supp. III 1979).

. Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, or 1301 of this title, as the case may be, with respect to such claim.
11 U.S.C. § 108(c)(1) and (2).

. Although this 30-day period is rather short, parties usually know in advance, as they did here, of the date the stay will be lifted and the need to act.