32 F.3d 569
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard HARDING, Defendant-Appellant.
 No. 92-6560.
 United States Court of Appeals, Sixth Circuit.
 July 20, 1994.
 
 Before: MARTIN and JONES, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Richard Harding appeals the district court's denial of his post-sentencing motion to nullify a provision in his plea agreement. In this provision, Harding waived the right to collaterally appeal, under 28 U.S.C. Sec. 2255, his convictions and sentence on drug and gun charges. Because we find that the district court lacked jurisdiction to rule on Harding's motion, we reverse.
 
 
 2
 On January 23, 1990, officers of the Chattanooga Police Department Narcotics Division executed a search warrant at Harding's residence in Chattanooga, Tennessee. While executing the warrant, the officers discovered approximately 260 grams of cocaine base, several plates used to break up large rocks of cocaine base, $1,184 in cash, and five firearms. Three of the firearms were loaded. The fourth, a Poly-Tech model AKS semi-automatic assault rifle, equipped with a laser scope, was found together with two loaded sixty-round clips and in proximity to one of the plates used to break up the cocaine base. The officers also found loaded clips for the fifth weapon, a 9-millimeter semi-automatic pistol, in the residence.
 
 
 3
 On February 13, a federal grand jury sitting in Chattanooga returned a two-count indictment against Harding. Count One charged Harding with possession of fifty grams or more of cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1). Count Two charged Harding with carrying a firearm (i.e. the assault rifle) during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c). After his arrest and initial appearance before a magistrate judge, Harding entered into a plea agreement requiring him to cooperate with authorities and to testify against his co-conspirators. The agreement also provided that "[t]he defendant further agrees not to file any motions or pleadings pursuant to 28 U.S.C. Sec. 2255. Specifically, the defendant knowingly, intentionally, and voluntarily waives his right to collaterally attack the plea(s) being offered in the instant case." Pursuant to the agreement, Harding pled guilty to both counts of the indictment on February 22. In the presentence report, Harding's sentencing range under the Sentencing Guidelines was calculated to be between 195 and 228 months.
 
 
 4
 After pleading guilty, Harding complied with his obligation under the plea agreement to assist in the investigation of his co-conspirators. On April 18, the government filed a motion notifying the district court that Harding had rendered substantial assistance to the government within the meaning of Sentencing Guideline Section 5K1.1. At sentencing, on April 23, the government reiterated the statements it had made in its motion. After an extensive colloquy regarding Harding's understanding and voluntary acceptance of the plea agreement, and taking into account the government's position with respect to substantial assistance, the court sentenced Harding to 190 months of incarceration.
 
 
 5
 On May 13, 1991, after a grand jury had indicted one of Harding's co-conspirators, the government filed a motion under Federal Rule of Criminal Procedure 35 notifying the district court that Harding had provided further substantial assistance. On February 21, 1992, after the co-conspirator had been convicted on various counts, the court held a hearing to address the government's Rule 35 motion. The court subsequently issued an order, on February 24, reducing Harding's sentence by an additional 40 months, for a final total of 150 months of incarceration.
 
 
 6
 On August 17, Harding filed a document entitled "Motion to Nullify Plea Agreement Banning Defendant From Filing a 28 U.S.C., Section 2255" in the district court. In this motion, Harding only asked the court to hold that the portion of his plea agreement waiving the right to file a motion under 28 U.S.C. Sec. 2255 was ambiguous or, alternatively, that he did not knowingly waive the right to file such a motion. In response, the government argued that these issues were not properly before the court because Harding had not yet filed a Section 2255 motion, and the government, in response to such a motion, had not raised the plea agreement provision as a defense. The district court agreed with the government and, on September 17, denied Harding's motion. On November 19, Harding filed this appeal.
 
 
 7
 As this Court has noted, "We are required to note any jurisdictional defects whether or not raised by the parties. '[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction but also that of the lower courts in a cause under review.' " Easley v. Pettibone Michigan Corp., 990 F.2d 905, 908 (6th Cir.1993) (quoting Greater Detroit Resource and Recovery Authority v. EPA, 916 F.2d 317, 319 (6th Cir.1990) (citations omitted)). Under Federal Rule of Criminal Procedure 32(d), following the imposition of sentence, "a plea may be set aside only on direct appeal or by motion under 28 U.S.C. Sec. 2255." Here, Harding's August 17 motion to vacate a portion of his plea, which he filed after his sentence had been imposed, constituted neither a direct appeal nor a motion for relief under Section 2255. Accordingly, the district court lacked jurisdiction to entertain Harding's motion to vacate, and erred in doing so. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (district court lacks jurisdiction to consider Rule 32(d) motion to vacate plea after sentence has been imposed, unless motion is also explicitly brought under Section 2255), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 8
 We note that Harding retains the right to file a motion challenging his conviction and sentence pursuant to Section 2255, and that the government may raise as a defense to any such motion Harding's agreement to waive his right to mount a collateral attack. At that time, the district court will have jurisdiction to address the enforceability of such an agreement.
 
 
 9
 Because the district court erred in ruling on Harding's motion to vacate a portion of his plea, the judgment of the district court denying this motion is reversed, and the case is remanded for dismissal due to lack of jurisdiction.