**HERSHBERGER, Appellee,**

v.

**MORGAN, Appellant.**

[Cite as *Hershberger v. Morgan* (1996), 112 Ohio App.3d 105.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–95–45.

Decided June 28, 1996.

and retained any records regarding the maintenance and repair of the breath-testing machine over the last three years.

*Joseph R. Hershberger, pro se.*

*John F. Cannizzaro,* for appellant.

———————

THOMAS F. BRYANT, Judge.

This is an appeal by Carlene Morgan from the judgment of the Municipal Court of Marysville denying her motion to vacate judgment and dismiss the case. Appellee has filed no brief opposing the assignments of error on appeal. Pursuant to App.R. 18(C), we accept appellant's statement of facts and issues as correct, and finding appellant's brief to sustain the action, we reverse the judgment from which appeal is taken.

On February 15, 1994, Morgan filed her petition in the United States Bankruptcy Court seeking relief pursuant to Chapter 13 of the United States Bankruptcy Code.

During the Chapter 13 proceedings, on October 27, 1995, Hershberger filed his complaint in the small claims division of the Marysville Municipal Court seeking judgment for $1,575 on an alleged verbal representation made in 1991. Hershberger's claim was not listed in the bankruptcy proceedings. After a small claims hearing at which neither party was represented by counsel, judgment was entered for Hershberger.

On December 4, 1995, Morgan, now represented by counsel, filed her motion to vacate the judgment and dismiss the case, notifying the court for the first time of the pending bankruptcy proceeding and of the bankruptcy court's pending automatic stay of all other proceedings entered pursuant to Section 362, Title 11, U.S.Code. The trial court denied the motion on the ground that the bankruptcy stay had not been asserted in the small claim proceedings before judgment.

██ In her brief on appeal, Morgan urges that the judgment entered in violation of the federal court stay of proceedings is void.

It is well established that federal bankruptcy law provides an automatic stay of judicial proceedings against a debtor upon the filing of a bankruptcy petition. Section 362(a)(1), Title 11, U.S.Code, establishes this mandatory automatic stay and provides as follows:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title * * * *operates as a stay, applicable to all entities, of—*

"(1) *the commencement* or continuation, including the issuance or employment of process, *of a judicial,* administrative, or other action or *proceeding against the debtor that was or could have been commenced before the commencement of the*

*case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."* (Emphasis added.)

Further, Section 362(c) reads:

"Except as provided in subsections (d), (e), and (f) of this section—

"(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

"(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

"(A) the time the case is closed;

"(B) the time the case is dismissed; and

"(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied."

 Unlike the provision of Civ.R. 8(C) that discharge in bankruptcy is an affirmative defense, waived unless timely pleaded, the automatic stay provision of the Bankruptcy Code applicable to pending bankruptcy proceedings works as an injunction. It prohibits, with limited exceptions, attempts to reach the assets of the petitioner in bankruptcy while those proceedings are pending. Creditors are permitted to file their claims with the bankruptcy court, pursuant to Section 101(4), Title 11, U.S.Code, but actions which are taken in violation of the stay and result in attempted diminution of the debtor's assets are void. *Donovan v. Sunmark Industries, Inc.* (1983), 10 Ohio App.3d 219, 10 OBR 294, 461 N.E.2d 321.

Thus, although the judgment of the municipal court was entered without knowledge of the prior filing of appellant's petition in the bankruptcy court, that judgment nevertheless was void, and the trial court erred by refusing to vacate its judgment on motion and notice of the stay.

The judgment of the Municipal Court of Marysville is vacated, and the cause is remanded to that court for further proceedings at the expiration of the automatic stay pursuant to Section 362, Title 11, U.S.Code.

*Judgment vacated
and cause remanded.*

HADLEY, P.J., and SHAW, J., concur.