108 F.3d 1376
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samuel J. GERSH, Plaintiff-Appellant,
v.
PHAR-MOR, INC., Defendant-Appellee.
 No. 96-3780.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1997.
 
 1
 N.D. Ohio, No. 95-01479; James S. Gallas, Magistrate Judge.
 
 N.D.Ohio
 
 2
 AFFIRMED.
 
 
 3
 Before: RYAN and DAUGHTREY, Circuit Judges; FRIEDMAN, District Judge.*
 
 ORDER
 
 4
 Samuel J. Gersh, an Illinois citizen, appeals through counsel the summary judgment for defendant in this diversity personal injury action. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 5
 Gersh alleges that he was injured when he slipped and fell on September 6, 1992, in a store owned by the defendant, an Ohio corporation. Because the defendant was in bankruptcy proceedings at the time, Gersh's counsel apparently believed that he was required to file a claim in the bankruptcy court and move to lift the automatic stay to allow this complaint to be filed, which he did on May 13, 1994. On July 14, 1994, the bankruptcy court entered an order which purported to modify the automatic stay to allow the filing of this complaint. The parties agree that a two-year statute of limitations governs this complaint. Gersh's counsel apparently believed that the statute began to run as of the date of the bankruptcy court's order. This complaint was not filed until July 6, 1995. The matter was referred to a magistrate judge for disposition, by agreement of the parties.
 
 
 6
 The defendant raised the defense of the statute of limitations. Gersh argued that the defendant was equitably estopped from raising this defense because the defendant had condoned the bankruptcy court's order, which led Gersh to believe that the automatic stay applied to his claim and tolled the running of the statute. The district court entered summary judgment for the defendant, concluding that equitable estoppel did not apply and the statute of limitations had expired. The same arguments are raised on appeal.
 
 
 7
 Upon review, we conclude that the defendant was properly granted summary judgment, as there is no genuine issue of material fact and it is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 
 8
 The elements of equitable estoppel include a misrepresentation, intended to induce action in reliance, which does reasonably induce such action to the other's detriment. Heckler v. Community Health Servs., 467 U.S. 51, 59 (1984). Gersh failed to establish the existence of these elements. First, he admits in his brief that he was not "intentionally misled" by the defendant. Second, he has not shown reasonable reliance. In order to be reasonable, the plaintiff must show that he should not have known that the conduct was misleading, or could not with diligence have acquired knowledge of the facts. Id. at 59 & n. 10. In this case, Gersh's counsel should have discovered with diligent research that the automatic stay did not apply to his claim, which arose post-petition. See Easley v. Pettibone Michigan Corp., 990 F.2d 905, 908 (6th Cir.1993).
 
 
 9
 More importantly, even if the automatic stay applied in this case, the complaint would still be barred by the statute of limitations. The automatic stay does not suspend the running of the statute of limitations, but only provides an additional thirty-day period to file a claim after the dissolution of the stay, in the event that the statute has expired. See Rogers v. Corrosion Products, Inc., 42 F.3d 292, 297 (5th Cir.), cert. denied, 115 S.Ct. 2614 (1995); Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1072-73 (2d Cir.1993); Easley, 990 F.2d at 912. This provision never came into play in this case, as Gersh had nearly two months remaining under the state statute of limitations at the time the bankruptcy court purported to modify the automatic stay to allow him to file a complaint. He did not file a complaint until one year later, after the statute had expired.
 
 
 10
 Accordingly, the summary judgment for the defendant is affirmed.
 
 
 
 *
 The Honorable Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, sitting by designation