**In re Jill T. THOMPSON, Debtor.**

**Robert R. Helfrich, Plaintiff,**

v.

**Jill T. Thompson, Defendant.**

**Bankruptcy No. 98–56104.**
**Adversary No. 98–0375.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 28, 2001.

Mark Albert Herder, Columbus, OH, for plaintiff.

Charles D. Underwood, Whitehall, OH, for defendant/debtor.

## OPINION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF AND RELIEF FROM JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the plaintiff's motion for reconsideration of, and relief from, the judgment entered on June 19, 2001. The defendant did not file a memorandum contra.

The Court's June 19, 2001 judgment entry incorporated its findings of fact and conclusions of law following the Bankruptcy Appellate Panel's ("BAP") reversal of the prior judgment and remand of this case for further proceedings. The BAP ruled that this Court had improperly relied on a state court magistrate's decision that had never been reduced to judgment.

In his motion for reconsideration, the plaintiff asserts that the Franklin County Common Pleas Court did, in fact, adopt the magistrate's decision and enter judgment against the defendant for $18,519. The plaintiff has attached a copy of this judgment entered on July 10, 1998.

■ The defendant filed her chapter 7 bankruptcy petition on June 23, 1998, prior to the entry of the state court judgment. Because this judgment involved more than a ministerial act, it was entered in violation of the automatic stay. *See Soares v. Brockton Credit Union (In re Soares),* 107 F.3d 969, 974 (1st Cir.1997).

■ Courts are divided on the question of whether judicial acts undertaken in violation of the automatic stay are void *ab initio* or merely voidable. *LaBarge v. Vierkant (In re Vierkant),* 240 B.R. 317, 321 (8th Cir. BAP 1999). The Sixth Circuit has most recently adopted the minority view that such acts are merely voidable. *Easley v. Pettibone Michigan Corp.,* 990 F.2d 905 (6th Cir.1993).

In this case, despite the apparent invalidity of the state court judgment, the defendant has not taken any steps to void such judgment. Had the defendant done so, the plaintiff might have sought to annul the stay in order to give retroactive effect to the judgment. *See Id.* at 910.

■ This Court is bound to give the state court judgment the same preclusive effect that the judgment would have under Ohio law. *Corzin v. Fordu (In re Fordu),* 201 F.3d 693 (6th Cir.1999). The relevant Ohio case law, however, does not appear to be uniform on this issue.

In *Curtis v. Payton*, 1999 WL 57763 (Ohio Ct.App.1999), the court declined to follow the Sixth Circuit's holding in *Easley* and concluded that a judgment rendered in violation of the automatic stay is void rather than merely voidable. At least one other Ohio appeals court has questioned the *Easley* holding, but found the issue of voidness or voidability irrelevant to its own decision. *First Merit Mortg. Corp. v. Kolm*, 2000 WL 1369980 (Ohio Ct.App. 2000). A reported decision also concluded that a judgment entered by a municipal court without knowledge of the creditor's chapter 13 case was void, but this case was decided prior to *Easley*. *See Hershberger v. Morgan*, 112 Ohio App.3d 105, 677 N.E.2d 1261, 1263 (1996).

■■ On the other hand, Ohio law generally determines a judgment to be void only if it was rendered by a court that lacked jurisdiction over the subject matter or the parties. *Cadle Co. v. White*, 1999 WL 218755 (Ohio Ct.App.1999). Because the state court did not lack jurisdiction to enter its July 10, 1998 judgment and, in fact, would now have concurrent jurisdiction with this Court to determine whether its judgment was entered in violation of the automatic stay, the judgment would not be void, but merely voidable. *Id.* at *2. A voidable judgment is entitled to *res judicata* effect. *Forsyth v. Dearth*, 1999 WL 355193 (Ohio Ct.App.1999); *Plaza East, Inc. v. K & L Partnership*, 1998 WL 894683 (Ohio Ct.App.1998).

This Court concludes that under *Easley*, the judgment entered by the Franklin County Common Pleas Court on July 10, 1998 is merely voidable. The defendant approved the form of the judgment entry and, as far as this Court can determine, has never raised the issue of the automatic stay as a bar to entry of that judgment. Under these circumstances, the Court be-

lieves that Ohio courts would give the July 10, 1998 judgment preclusive effect.

■ While the judgment of the Franklin County Common Pleas Court establishes the amount of the debt owed by the defendant to the plaintiff, it does not establish in and of itself the elements of embezzlement for purposes of 11 U.S.C. § 523(a)(4). The Bankruptcy Appellate Panel's order required this Court on remand to make additional independent findings regarding (1) what property was entrusted to the defendant and (2) what property the defendant appropriated and how it was misused. This Court's findings of fact and conclusions of law entered June 19, 2001, attempts to do just that.

Having reviewed the entire record, this Court determined that the plaintiff satisfied the elements of embezzlement only with respect to the final cashier's check that the defendant cashed. It was this $2,733 entrusted to her by the plaintiff which the defendant misappropriated and used for her own benefit without the plaintiff's consent. With respect to the other cashier's checks and certain of the deposits made to the defendant's checking account, the record was less clear, and the Court concluded that the plaintiff had not satisfied his burden of proving these portions of the debt to be undischargeable under § 523(a)(4).

Based on the foregoing, the Court declines to alter or amend its June 19, 2001 judgment entry.

**IT IS SO ORDERED.**