**In re Charles Anthony ULINSKI, Margaret Ann Ulinski, Debtors.**

**Lucinda Masterton, Trustee, Plaintiff**

**v.**

**Huntington National Bank, Defendant.**

Bankruptcy No. 03–51033.
Adversary No. 04–5441.

United States Bankruptcy Court,
E.D. Kentucky,
Lexington Division.

July 6, 2004.

John Thomas Hamilton, Lexington, KY, for Debtors.

J.D. Kermode, Lead Attorney, Lexington, KY, for Plaintiffs.

John L. Day, Jr., Cincinnati, OH, for Defendant.

### MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

#### 1. *Introduction and procedural history*

This matter is before the court on the parties' cross-motions for summary judgment and the responses thereto. The Plaintiff filed a Complaint seeking to avoid the Defendant's lien and to preserve it for the benefit of the estate on February 26, 2004, and filed her Motion for Summary Judgment on June 4, 2004. The Defendant filed its Motion for Summary Judgment on the same date. A hearing was held on the motions on June 23, 2004, and after hearing argument, the court took the matter under submission. After considering the pleadings, affidavits and other documents of record in this matter, as well as the arguments of counsel, the court has determined that the Plaintiff is entitled to judgment as a matter of law as set out below. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

#### 2. *Facts*

The parties have entered into joint stipulations which provide in pertinent part the following facts:

On May 16, 1998, Debtor Anthony Ulinski ("Anthony" or "the Debtor")[1] entered into a Motor Vehicle Lease Agreement with the Defendant regarding a 1998 Dodge Dakota Pickup, VIN # 187GL22Y2WS660087 ("the truck"), and has possessed the truck since that date. On May 16, 2002, Anthony entered into a lease buyout agreement with the Defendant to purchase the truck. The Debtors filed their Chapter 7 petition on April 2, 2003. Anthony was insolvent within the 90 days prior to filing. According to the schedules filed with the petition, the Debtors' estate was not sufficient to provide a one hundred percent distribution to unsecured creditors. The Defendant's lien was noted on the Certificate of Title for the truck on April 4, 2003. The Certificate of Title was issued to Anthony on April 21, 2003.

The record in this proceeding also shows that the Debtor financed $11,006.97 with the Defendant for the purchase of the truck, and that he executed a Title Lien Statement on May 21, 2002, showing him as the debtor and Huntington National Bank as the secured party. Further, the Defendant alleges that on June 12, 2002, the Bourbon County Clerk received the executed Title Lien Statement and application for Certificate of Title necessary to transfer the vehicle title to the Debtor's name and place the Defendant's lien thereon. The Defendant states that in so doing it had taken all the steps required by KRS 186(A).195(5) to perfect its lien and transfer title to the Debtor. The only action remaining to be taken was the payment of transfer taxes by the Debtor, which he did on April 4, 2003.

### 3. *The summary judgment standard*

Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, provides that summary judgment is appropriate and "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has observed that

> this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact.
>
> As to materiality, the substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)(emphasis in original).

The summary judgment standard is set out in *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

---

1. Pleadings filed after the Complaint refer to the Debtor husband by his middle name.

The Sixth Circuit has opined that "[r]ead together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir.1989).

### 4. *Validity of the Defendant's lien*

Section 544 of the Bankruptcy Code, the "strong arm clause," gives the trustee the rights and powers of a hypothetical judicial lien creditor at the time of the commencement of the case. 11 U.S.C. § 544(a)(1). Consequently the Plaintiff contends that she may avoid the Defendant's lien on the truck as a preferential transfer pursuant to 11 U.S.C. § 547(b) or as a post-petition transfer pursuant to 11 U.S.C. § 549. She also contends that the court may void the transfer as a violation of the automatic stay pursuant to 11 U.S.C. § 362(a)(4). The most significant fact before the court is that the Defendant's lien was perfected post-petition. Analysis under § 362 therefore provides resolution of the issue of the validity of the Defendant's lien. If the Defendant's lien is invalid, the Plaintiff need not avoid it. Consideration of the Plaintiff's allegations of a preferential transfer pursuant to § 547(b) or a post-petition transfer pursuant to § 549 is therefore unnecessary.

Any act in violation of the automatic stay is invalid and without effect. *See Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 909 (6th Cir.1993). Pursuant to 11 U.S.C. § 362(a)(4), "any act to create, perfect, or enforce any lien against property of the estate[ ]" is a violation of the automatic stay and is therefore invalid. The truck was property of the estate at the commencement of the case, the Defendant's notation on the Certificate of Title

as owner on that date notwithstanding. Pursuant to KRS 186.010, the "owner" of a motor vehicle is "a person who holds the legal title or a person who pursuant to a bona fide sale has received physical possession of the vehicle subject to any applicable security interest." KRS 186.010(7)(a). The Debtor had possession of the truck pursuant to the sale which took place on May 16, 2002, and he was the "owner" when the Debtors filed their petition on April 2, 2003.

As pointed out in Lawrence P. King, *Collier on Bankruptcy* ¶ 362.03[6][a] (15th ed. revised), "the stay under section 362(a)(4) is intended to prevent perfection of interests that would not otherwise be effective against a creditor who had obtained a lien on the property as of the commencement of the case." As stated above, the Plaintiff had the rights and powers of a judicial lien creditor as of the commencement of the case, and the Defendant's security interest was not effective against her if it was not perfected at the commencement of the case.

The Defendant's only defense is its contention that its security interest was perfected as of the commencement of the case, because it had taken all steps necessary to have its lien noted on the Certificate of Title, and because the Certificate of Title noted it as the owner of the truck and not the lienholder. The Defendant contends that its notation on the Certificate of Title as owner was sufficient to put third parties on notice that it had an interest in the truck. Kentucky law clearly and unequivocally provides, however, that the sole method of perfecting the lien on a vehicle is by notation on its Certificate of Title. KRS 186A.190(1). Perfection of the Defendant's lien did not take place until April 4, 2003, after the Debtors' bankruptcy petition was filed. Perfection of the lien was clearly a violation of the automatic

stay and invalid. The Defendant's security interest therefore was and is unperfected and ineffective as against the Plaintiff.

#### 5. *Sanctions under 11 U.S.C. § 362(h)*

The Plaintiff maintains that the Defendant should be sanctioned under 11 U.S.C. § 362(h) because it refused to release its lien upon her request to do so in December 2003. Section 362(h) provides for the recovery of damages by an individual injured by a willful violation of the automatic stay. The court does not agree that the Defendant's refusal to release the lien constituted a willful violation of the stay. The lien's notation on the Certificate of Title was triggered by the Debtor's payment of transfer taxes, not by an affirmative act of the Defendant. Further, the Defendant had reasonable defenses to the Plaintiff's claims against it, and it had the right to assert those defenses in this proceeding. The court will therefore overrule the Plaintiff's Motion for Summary Judgment as it pertains to damages claimed in regard to violation of the stay.

#### 6. *Conclusion*

In consideration of all of the foregoing, the court has concluded that the Plaintiff has carried forward her burden of demonstrating that there is no genuine issue as to any material fact, and that she is entitled to judgment as a matter of law that the Defendant's lien is invalid and without effect, and that its claim is unsecured. Further, the Plaintiff's interest in the truck is superior to all others and any interest the Defendant may have is subordinate to the Plaintiff's interest on behalf of the estate. The court will enter Summary Judgment for the Plaintiff by a separate order.