NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0295n.06

No. 14-5633

FILED

Apr 22, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DEAN BALDING BAXTER,                    )
                                        )
        Debtor-Appellant,               )
                                        )
                                        )   ON APPEAL FROM THE BANKRUPTCY
v.                                      )   APPELLATE PANEL OF THE SIXTH
                                        )   CIRCUIT
DEBORAH SARMADI,                        )
                                        )
        Creditor-Appellee.              )   OPINION
                                        )
                                        )

BEFORE:    SILER, MOORE, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** In this single-issue case a debtor appeals the bankruptcy court's decision to annul the automatic stay on proceedings that applied when he filed for bankruptcy pursuant to 11 U.S.C. § 362(a), (d). In doing so, the court also ratified foreclosure proceedings that had taken place during the pendency of the stay. The court's decision was based on findings that the debtor filed for bankruptcy without good faith and that the creditor's interests were not otherwise protected. The Bankruptcy Appellate Panel affirmed. After reviewing the evidence in the record, we too AFFIRM the bankruptcy court's decision.

## I. BACKGROUND

Deborah Sarmadi ("Sarmadi"), her now-estranged husband Mark Sarmadi, and Dean Balding Baxter ("Baxter") had a history of business dealings, but their relationship eventually soured. In order to recover a debt Baxter owed her, Sarmadi purchased from BancorpSouth a

loan it had obtained on one of Baxter's properties—1900 4th Avenue North, Nashville, Tennessee. Sarmadi testified that she paid approximately $160,000 to have the note and deed of trust assigned to her. Although she notified Baxter that she had obtained the loan on the property and wished to be repaid, he did not respond to her inquiries and made no attempt to repay her. She had her attorney, Robert J. Notestine, foreclose on the property on May 23, 2013. Sarmadi purchased the property at the foreclosure sale, and Notestine recorded Sarmadi's deed on May 29.

After her deed had been recorded, Sarmadi and Notestine learned that Baxter had filed for Chapter 13 bankruptcy in the Western District of Tennessee on May 22, 2013—one day before the foreclosure sale took place. Notestine testified that Ted Jones, an attorney, had sent an email to Notestine's assistant on May 21 asking if the foreclosure sale was going forward. Notestine recalled that the email did not indicate and he did not know that Jones represented Baxter or that Baxter had filed for bankruptcy, but he did notice later that Baxter was copied on the email. He denied receiving notice of Baxter's bankruptcy filing prior to the foreclosure or prior to the recording of the deed. Although he admitted that he knew of communications sent to Sarmadi indicating that Baxter might file for bankruptcy, when Notestine checked the bankruptcy filings for the Middle District of Tennessee—where he believed Baxter to live and where the property at issue was located—he did not find anything. He checked for filings in the Western District of Tennessee only after the deed had been recorded. Baxter submitted into evidence an email from Jones to Notestine's assistant dated May 22, stating that "we filed a Chapter 13 here in Memphis for Dean Balding Baxter," and "[a]s such, we shall assume that the foreclosure sale set tomorrow for Ms. Sarmadi shall be canceled." R. 50-1, Page 1. Notestine

testified that he was not familiar with the email address used, although it was listed on his firm's website, and that he had not received the email.

Baxter's bankruptcy proceedings were never completed. Although Baxter had been granted additional time to provide the necessary documentation to the bankruptcy court, he did not do so, and on June 14 the Trustee filed a motion to dismiss. On July 8, Sarmadi's counsel filed a motion for relief from the automatic stay entailed by the bankruptcy, to annul the stay, and to confirm the foreclosure sale. The initial hearing on the motion was postponed to August 22, but Baxter's case was dismissed on August 2. Baxter moved to reinstate the bankruptcy on August 9, and the dismissal was set aside on September 6.

The hearing on Sarmadi's motion eventually took place on December 12 and the bankruptcy court granted Sarmadi's motion based on "overwhelming" evidence. During the hearing, the court heard from Sarmadi, Notestine, Baxter, and Nancy Rigell, the staff attorney for Baxter's Chapter 13 Trustee. The order annulled the automatic stay provisions of 11 U.S.C. § 362 as to Sarmadi and ratified the foreclosure sale.

The court denied Baxter's motion to alter or amend the order, and soon Baxter's bankruptcy case was again dismissed due to his failure to appear at the meeting of creditors. Baxter appealed the bankruptcy court's order annulling the automatic stay, and the Bankruptcy Appellate Panel of the Sixth Circuit affirmed the bankruptcy court's order. Baxter then brought this appeal.

## II. ANALYSIS

We review the decision of the bankruptcy court directly, and grant or deny relief from the automatic stay only for abuse of discretion. *In re Copper*, 426 F.3d 810, 812 (6th Cir. 2005).

The court's findings of fact are upheld unless clearly erroneous, while its legal conclusions are reviewed de novo. *Id.*

The single issue on appeal is whether the bankruptcy court erred in annulling the automatic stay provision of the bankruptcy code, based on its finding that Baxter filed his petition without good faith. Under the bankruptcy statute, the filing of a petition creates an automatic stay on most proceedings against the debtor. 11 U.S.C. § 362(a). This is one of many provisions designed for the "class of 'honest but unfortunate debtor[s]' that the bankruptcy laws were enacted to protect." *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 374 (2007) (quoting *Grogan v. Garner*, 498 U.S. 279, 287 (1991)).

Even so, the bankruptcy code also provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying or conditioning such stay," for reasons that include "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d). "A debtor's lack of good faith in filing a bankruptcy petition may be the reason for lifting the automatic stay," and would constitute "cause" under the bankruptcy statute. *In re Laguna Assocs. Ltd. P'ship*, 30 F.3d 734, 737-38 (6th Cir. 1994); *In re Charfoos*, 979 F.2d 390, 392 (6th Cir. 1992). The test for "good faith" is fact-specific and turns on the evaluation of multiple factors, resulting in what has been termed a "smell test." *In re Zick*, 931 F.2d 1124, 1127-28 (6th Cir. 1991) (internal citation omitted).

The court's equitable decision to annul a stay can render actions taken while the stay was in effect, such as a foreclosure, voidable rather than void. *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 909-910 (6th Cir. 1993). However, courts are usually reluctant to annul the stay and ratify actions taken during the stay, "absent limited equitable circumstances." *Id.* at 911.

Exceptional circumstances that warrant annulling a stay and ratifying actions taken in violation of a stay include: "where the debtor unreasonably withholds notice of the stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, or where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result." *Id*.

Here, the bankruptcy court's order granting Sarmadi's motion listed the following factors: 1) that Baxter's plan did not provide for the payment of Sarmadi's claim; 2) the lack of insurance on the property, which was leased to a third party; and 3) Baxter's lack of good faith in filing for bankruptcy. Baxter, in turn, argues that the court abused its discretion in annulling the stay based on the following reasons: his actions were not fraudulent; he sought bankruptcy relief before the foreclosure; there was no prejudice to the creditor; and the court unreasonably appeared to believe Notestine's testimony that he did not receive the email from Jones notifying him of Baxter's bankruptcy filing. Even so, Baxter concedes that "grounds existed to lift the automatic stay."

Baxter also cites two unpublished opinions from the Bankruptcy Appellate Panel of the Ninth Circuit where, he asserts, actions bordering on fraud had occurred and the filings were untimely, arguing that those cases are distinguishable from his own. *In re Sinclair*, No. CC-12-1373-TaPaMk, 2013 WL 2303729, at *1, *4-*5 (B.A.P. 9th Cir., May 28, 2013); *In re Mendaros*, No. NC-12-1322-JuPaD, 2013 WL 5486745, at *3-*4 (B.A.P. 9th Cir., Oct. 2, 2013). His reliance on these cases is without merit. As an initial point, in both cases—as in this case—the Bankruptcy Appellate Panel *affirmed* the annulment of a stay. In addition, in neither case did the Panel use the word fraud—that is Baxter's characterization—rather, the cases included findings of a lack of good faith and unreasonable or inequitable conduct. Finally, as we have already noted, Baxter did not act with timeliness at any point in his bankruptcy proceedings. Sarmadi,

on the other hand, did—in purchasing the loan from BancorpSouth, in conducting the foreclosure sale, and in moving to annul the automatic stay. Baxter's argument is not well taken.

The bankruptcy court based its conclusions regarding credibility—the determining factor in this case—on the evidence presented during the December 12 hearing. During the hearing, Rigell, the staff attorney for the Trustee assigned to Baxter's case, testified to the following: that Baxter had paid only $1,200.00 of $2,800.00 in scheduled payments; that Baxter listed Ms. Sarmadi as a secured creditor but did not provide for her under his plan, leaving her interests unsecured; and that Baxter had submitted crucial documents, including a tax return and pay advice, only the day before the hearing occurred. Baxter, in turn, testified as follows: he equivocated regarding the address of his actual residence; he could not verify that the property at issue was insured; he admitted that the tenants had refused to pay rent; he gave the court estimates of his properties' values that were substantially higher than the estimates he had listed in his bankruptcy schedule; and he denied knowing that he had to pay a monthly amount to the bankruptcy court in accordance with his plan.

After hearing this testimony, the bankruptcy court concluded that there were "overwhelming" grounds for annulling the automatic stay. It cited the lack of insurance on the property as an indication that Sarmadi's interests were unprotected, and noted that the lack of rental income, as well as Baxter's valuation of the property at $132,600.00 in his schedule, suggested that there was no equity in the property. The court declared Baxter's statement that he did not know he was supposed to make regular payments in the course of his bankruptcy to be "outrageous," noting that she did not believe him and determining that this statement went to his credibility. Baxter's account of his dealings with Sarmadi was also found to be unbelievable and his failure to provide for his debt to her in his Chapter 13 plan was found to show a lack of good

faith. These findings led the court to conclude that Baxter had not acted in good faith in filing for bankruptcy.

The bankruptcy court was in the best position to evaluate the credibility of the witnesses, and the evidence of Baxter's lack of good faith was considerable. In light of this record and the court's factual findings, which we review for clear error, the court did not abuse its discretion in finding "cause" for annulling the automatic stay and ratifying the foreclosure, pursuant to 11 U.S.C. § 362(d).

## III. CONCLUSION

The decision of the bankruptcy court annulling the automatic stay and ratifying Sarmadi's foreclosure on the property at issue is AFFIRMED.