OPINION
Defendant-appellant William D. Kolm appeals from the October 20, 1999, Judgment Entry of the Stark County Court of Common Pleas overruling defendant-appellant's Motion to Vacate the Sheriff's Sale.
 STATEMENT OF THE FACTS AND CASE
On January 19, 1999, plaintiff-appellee First Merit Mortgage Corporation filed a complaint for money, foreclosure and other equitable relief in the Stark County Court of Common Pleas against appellant William D. Kolm, Jane Doe, the unknown spouse of William D. Kolm, Brenda L. Kolm, John Doe, the unknown spouse of Brenda L. Kolm, and Mark S. Roach, the Stark County Treasurer. The Stark County Treasurer, on February 11, 1999, filed a notice stating that it did not have an interest in the subject property. After the remaining defendants, including appellant, failed to file an answer, appellee filed a Motion for Default Judgment against such defendants on March 24, 1999.
Thereafter, a Judgment Entry-Decree of Foreclosure was filed on March 29, 1999, and a Praecipe for Order of Sale was filed the next day. On May 24, 1999, a Sheriff's Sale was held at approximately 10:00 a.m. At the sale, the subject property was sold to Kim Strubel for $43,000.00.[1] Earlier the same morning, appellant had filed a voluntary Chapter 13 bankruptcy petition at approximately 8:45 a.m. Although appellant claims that a time-stamped copy of the bankruptcy petition was delivered via facsimile to the Sheriff's department over an hour before the sale, the Sheriff's department asserts that it did not receive the petition until approximately 12:02 p.m. on May 24, 1999, after the Sheriff's Sale. A Sheriff's Return of Order of Sale was filed the next day.
On May 26, 1999, appellee First Merit filed a motion to dismiss appellant's bankruptcy proceedings and a motion for relief from stay and abandonment in the United States Bankruptcy Court. Pursuant to a Judgment Entry filed on July 20, 1999, Judge James H. Williams of the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division ordered that appellant's Chapter 13 proceedings be dismissed "in order that the pending Sheriff's sale in state court can be confirmed." Judge Williams, in his entry, specifically found that appellant had filed his bankruptcy petition in bad faith.
Thereafter, a motion to confirm the Sheriff's sale was filed by appellee in the Stark County Court of Common Pleas on July 26, 1999. The next day, a Judgment Entry-Confirmation Decree was filed.
Subsequently, a Motion to Stay Proceedings was filed by appellant in the state court on July 30, 1999. Appellant, in his motion, indicated that he had filed a notice of appeal of the Bankruptcy Court's July 20, 1999, Judgment Entry dismissing his Chapter 13 bankruptcy proceedings with the Bankruptcy Appeals Panel. On July 30, 1999, Kim Strubel, the purchaser at the Sheriff's sale, paid the balance of the purchase price, received a Sheriff's deed and recorded the same. Thereafter, appellee filed a brief in opposition to appellant's Motion to Stay Proceedings on August 6, 1999.
After discovering that the Confirmation Order and deed to transfer the subject property had been executed and filed prior
to the filing of his Motion to Stay Proceedings, appellant filed a notice withdrawing such motion on October 4, 1999. On the same date, appellant filed a motion to vacate the Sheriff's sale, arguing that the filing of appellant's bankruptcy petition immediately triggered a bankruptcy stay, rendering the subsequent sale of the subject property void. Responses to such motion were filed by appellee on October 7, 1999, and by Kim Strubel on October 8, 1999.
The trial court, as memorialized in a Judgment Entry filed on October 20, 1999, overruled appellant's motion to vacate the Sheriff's sale, holding as follows:
 Upon review, the Court finds Defendant Kolm's motion to be not well-taken as no bankruptcy proceedings were pending at the time the Court entered its Judgment Entry confirming the sale herein. No appeal was taken in this case from the confirmation of sale. The Court further finds that no bankruptcy proceedings were pending at the time the deed transferring the property to the third party purchaser was filed for record.
 Defendant's motion to vacate was filed more than two months after the final confirmation of sale. To permit a collateral attack on the judgment at this stage of the proceedings would be highly prejudicial to the interest of the third party purchaser as said purchaser has invested substantial time and money in renovating the property.
It is from the trial court's October 20, 1999, Judgment Entry that appellant now prosecutes his appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT REFUSED TO OVERRULE HIS MOTION TO VACATE THE SHERIFF'S SALE, WHICH WAS CONDUCTED WHILE THE DEFENDANT'S CHAPTER 13 BANKRUPTCY PROCEEDING WAS PENDING.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN OVERRULING HIS MOTION TO VACATE THE SALE AS AN IMPERMISSIBLE ATTACK ON THE JUDGMENT CONFRIMING [SIC] THE SHERIFF'S SALE, WHERE THE MOTION DIRECTLY ATTACKED THE CONFIRMATION AS BEING VOID.
 ASSIGNMENT OF ERROR III EVEN IF THE MOTION TO VACATE SALE CONSTITUTED A COLLATERAL ATTACK ON THE CONFIRMATION JUDGMENT, THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT/DEFENDANT IN OVERRULING THE MOTION WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING.
Since all three of appellant's assignments of error address whether the trial court erred in denying appellant's October 4, 1999, motion to vacate the Sheriff's sale, we shall address all three assignments of error together.
 I, II, III
Appellant, in his three assignments of error, argues that the trial court erred in denying appellant's October 4, 1999, motion to vacate the Sheriff's sale. Appellant specifically contends that the trial court erred in denying such motion since the Sheriff's sale was conducted while appellant's Chapter 13 bankruptcy proceeding was pending. Appellant seems to argue that since all pending court orders were automatically stayed upon the filing of the bankruptcy, the court order of sale of the property was stayed. Appellant argues that the sale was, therefore, a nullity and the judgment of confirmation of sale was void. Appellant further maintains that the trial court erred in failing to hold an evidentiary hearing on appellant's motion to vacate.
It is well established that federal bankruptcy law provides an automatic stay of judicial proceedings against a debtor upon the filing of a bankruptcy petition. 11 U.S.C. § 362(a)(1) provides, in relevant part, as follows:
 "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, * * * operates as a stay applicable to all entities of —
 (1) the commencement or continuation, including the issuance or employment of process, of a judicial,
administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. (Emphasis added).
 (2) The enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
 (3) any act to obtain possession of property of the estate or property from the estate or to exercise control over property of the estate; . . .
Further, Section 362(c) reads:
 Except as provided in subsections (d), (e) and (f) of this section —
 (2) the stay of any other act under subsection (a) of this section continues until the earliest of —
(A) the time the case is closed;
(B) the time the case is dismissed; or
 (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12 or 13 of this title, the time a discharge is granted or denied."
Since the automatic stay is effective upon the filing of the bankruptcy petition, no formal notice of the same is required.Salem v. Central Trust Co., N.A. (1995), 102 Ohio App.3d 672. "The stay springs into being immediately upon filing of a bankruptcy petition: `[b]ecause the automatic stay is exactly what the name implies-`automatic'-it operates without the necessity for judicial intervention." In re Soares (1st Cir. 1997),107 F.3d 969, 975, quoting Sunshine Dev., Inc. v. FDIC (1st Cir. 1994),33 F.3d 106, 113.
There is no dispute in the case sub judice that the bankruptcy petition was filed prior to the Sheriff's sale. The Sheriff's sale, therefore, clearly violated the automatic stay provisions of 11 U.S.C. § 362(a)(1) even though the Sheriff's office did not receive notice of the filing of the petition until after the sale took place. What the parties do dispute, however, is whether, for such reason, the sale of appellant's property is void and of no legal effect or merely voidable.
Numerous federal and state courts have held that any actions that violate an automatic stay are void. See, for example,Soares, supra., In re Calder (10th Cir. 1990), 907 F.2d 953,956, In re 48th Street Steakhouse, Inc. (2d Cir. 1987),835 F.2d 427, 431, Salem v. Central Trust Co., N.A. (1995),102 Ohio App.3d 672, 675, Hershberger v. Morgan (1996),112 Ohio App.3d 105 and Kingsmen Ent., Inc. v. Kasunic (Feb. 17, 1994), Cuyahoga App. No. 64720, unreported.
A contrary decision was reached in Easley v. PettiboneMichigan Corp. when the Sixth Circuit Court of Appeals specifically held that actions, such as the Sheriff's sale in this matter, taken in violation of an automatic bankruptcy stay are "invalid and voidable and shall be voided absent limited equitable circumstances."[2] (Emphasis added.) Easley v. PettiboneMichigan Corp. (6th Cir. 1993), 990 F.2d 905, 911. In so holding, the court in Easley stated as follows:
 "Bankruptcy courts have the jurisdiction to modify the automatic stay so as to allow actions against the debtor. 11 U.S.C. § 362(d)[3]. This section expressly permits the bankruptcy court to annul the stay. This power to annul "permits the order to operate retroactively, thus validating actions taken by a party at a time when he was unaware of the stay. Such actions would otherwise be void." 2 Collier on Bankruptcy [Section] 362.07 (footnotes omitted). If we are to give effect to the statutory authority to annul a stay, such actions can only be described as invalid and voidable, since void actions are incapable of later cure or validation." (Emphasis added).
Easley, supra. at 909-910.
We find that it is irrelevant for us to determine if the sale was void or voidable. As pointed out in Easley, supra, if actions done in violation of a stay are voidable, then the sale of the property made pursuant to an order of sale is valid until it is voided. And, if actions done in violation of a stay are void, we agree with the reasoning of the Ninth Circuit. The Ninth Circuit states: "If a creditor obtains retroactive relief under section 362(d), there is no violation of the automatic stay, and whether violations of the stay are void or voidable is not the issue." In re Schwartz, 954 F.2d 569, 573. In other words, the stay vanishes as if it never existed when the stay is retroactively annulled by the bankruptcy court.
The Bankruptcy Court in this matter dismissed appellant's Chapter 13 proceedings pursuant to a Judgment Entry filed on July 20, 1999, after finding that the same had been filed in bad faith. Such entry expressly provides that appellant's Chapter 13 proceeding "shall be dismissed in order that the pending Sheriff'ssale in state court can be confirmed." (Emphasis added). Clearly, through the use of the above italicized language, the Bankruptcy Court granted appellee retroactive relief from the automatic stay issued on the morning of the Sheriff's Sale. Since the Bankruptcy Court had the authority to grant appellee a retroactive relief from stay, the Sheriff's sale was valid whether it was void or voidable. Because the Bankruptcy Court granted appellee retroactive relief from the bankruptcy stay prior to the lower court's confirmation of the Sheriff's sale, the trial court had jurisdiction to confirm the Sheriff's sale. Therefore, the trial court did not err in overruling appellant's motion to vacate the Sheriff's sale even though the sale occurred after appellant's Chapter 13 petition had been filed.
Appellant in his second assignment of error, contends that the trial court erred in overruling appellant's motion to vacate the sale as an impermissible collateral attack on the judgment confirming the Sheriff's sale. Appellant specifically maintains that his motion to vacate was a direct attack on the judgment rather than a collateral attack. However, since, as is stated above, this court finds that the trial court did not err in overruling appellant's motion to vacate since the confirmation of sale was either based on a sale that was initially valid or upon a sale that was validated when the stay was retroactively annulled, appellant's second assignment of error is rendered moot.
Finally, appellant further argues that, since his motion to vacate alleged that the Sheriff's sale was conducted in violation of the automatic bankruptcy stay and was, therefore, void, the trial court erred in overruling his motion to vacate without first conducting an evidentiary hearing. We, however, disagree. As is stated above, the Bankruptcy Court, pursuant to a Judgment Entry filed on July 20, 1999, dismissed appellant's Chapter 13 proceedings "in order that the pending Sheriff's sale can be confirmed." In so stating, the Bankruptcy Court clearly granted appellee retroactive relief from the automatic stay. Thus, when appellant filed his motion to vacate the Sheriff's sale on October 14, 1999, the automatic stay was of no effect. There was no need, therefore, for an evidentiary hearing since there were no other issues before the trial court. Accordingly, the trial court did not err in failing to hold an evidentiary hearing.
For the foregoing reasons, appellant's three assignments of error are overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By EDWARDS, J., HOFFMAN, P.J. and READER, V. J. concurs.
[1] The subject property previously had been appraised at $51,000.00.
[2] The court, in Easley, held that "only where the debtor unreasonably withholds notice of the [bankruptcy] stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, or where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result, will be protections of section 362(a) be unavailable to the debtor." Id.
at 911.
[3] Section 362(d) provides, in relevant part, as follows: "[O]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay . . ."
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the Judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.