**In re Michelle SMITH, Debtor.**

**Michelle SMITH, Plaintiff,**

**v.**

**Leon LONDON, d/b/a/ Authorized Financial Consultants, Mellon Mortgage Corp., and County of Wayne Defendants.**

**Leon LONDON, d/b/a Authorized Financial Consultants, Cross–Plaintiff**

**v.**

**MELLON MORTGAGE CORP., Cross–Defendant.**

**Bankruptcy No. 97–55607–R.
Adversary No. 98–4214–R.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Sept. 1, 1998.

Gary Boren, Dearborn, MI, for Plaintiff.

Robert Bassel, Southfield, MI, for Leon London.

Marcy Ford, Bingham Farms, MI, for Mellon Mortgage.

## MEMORANDUM OPINION ON MOTIONS FOR SUMMARY JUDGMENT

STEVEN W. RHODES, Bankruptcy Judge.

This matter is before the Court on summary judgment motions filed by the plaintiff, Michelle Smith, and by the defendants, Leon London and Mellon Mortgage. Following oral argument, the Court took the matter under advisement. For the reasons stated below, Smith's motion is granted and the defendants' motions are denied.

### I.

In March, 1989, upon the purchase of a home at 10515 Tireman Ave., Dearborn, MI, Smith executed a mortgage note in favor of D & N Mortgage Corp., in the amount of $47,350. The mortgage was subsequently transferred to Mellon Mortgage.

In November, 1996, Smith defaulted on her mortgage. Mellon Mortgage referred her account to its attorney, Trott & Trott, P.C., and a foreclosure sale was scheduled for June 11, 1997.

On June 10, 1997, Smith filed her first chapter 13 bankruptcy proceeding. Smith's attorney notified Trott & Trott by phone on that day and the foreclosure sale was adjourned pending the outcome of Smith's bankruptcy. Smith's bankruptcy case was dismissed on September 4, 1997. Upon entry of the order of dismissal, Mellon Mortgage proceeded with its foreclosure sale and scheduled a new date of October 1, 1997.

Smith filed her current chapter 13 petition on September 18, 1997. On Schedule D, she listed a mortgage to Mellon Bank, P.O. Box 15618, Wilmington, DE 19850, not Mellon

Mortgage. She did not personally notify Trott & Trott or Mellon Mortgage of her second chapter 13 proceeding. On October 1, 1997, unaware of Smith's second bankruptcy case, Mellon Mortgage conducted the scheduled foreclosure sale of Smith's home. Leon London was the successful bidder. London purchased the home for $50,907.10. After subtracting the recording costs, Mellon Mortgage received a check for $50,683.10.

Four months later, in February, 1998, Smith notified Trott & Trott that she had filed a second petition prior to the foreclosure sale and asked that the sale be set aside. Mellon Mortgage informed Smith that London had purchased the property.

On March 18, 1998, Smith filed this adversary proceeding to set aside the foreclosure sale. In her complaint, she alleges that the sale violated the automatic stay and is therefore void. In response, London contends that he is a good faith purchaser, protected under § 549(c). London filed a cross-complaint against Mellon Mortgage arguing that if the Court sets aside the foreclosure sale, Mellon Mortgage should be liable to him for costs. Mellon Mortgage asserts that any violation of the stay was inadvertent because they did not receive actual notice and had no knowledge of Smith's second bankruptcy proceeding.

## II.

Because the foreclosure sale was conducted after Smith filed her second chapter 13 petition, it violated § 362(a)(3), which stays any act to obtain possession of property of the estate. That Mellon Mortgage was not given notice of Smith's bankruptcy filing is irrelevant in determining whether the stay was violated. The stay applies to all creditors, regardless of notice. *In re Sumpter,* 171 B.R. 835, 841 (Bankr.N.D.Ill.1994). Nothing in 11 U.S.C. § 362 limits the applicability of the stay to creditors who have received notice. Indeed, the language of § 362 makes the stay "applicable to all entities."

The United States Court of Appeals for the Sixth Circuit has held, "[A]ctions taken in violation of the automatic stay are invalid and voidable and shall be voided absent limited equitable circumstances." *Easley v. Pettibone Michigan Corp.,* 990 F.2d 905, 911 (6th Cir.1993).

> [O]nly where the debtor unreasonably withholds notice of the stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, or where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result, will the protections of section 362(a) be unavailable to the debtor.

*Id.*

London contends that the Court should not void the sale because Smith remained in the property and did not notify Mellon Mortgage or London of her bankruptcy until over four months after the foreclosure sale. London also asserts that he would be prejudiced if the sale is set aside.

Smith acknowledges that she inadvertently scheduled Mellon Bank as her mortgage holder rather than Mellon Mortgage. Smith also contends that she was not aware that Mellon Mortgage intended to proceed with the foreclosure sale. After Smith filed her first bankruptcy petition, Mellon Mortgage adjourned the foreclosure sale and did not notify Smith that it had rescheduled the sale after her first petition was dismissed. Smith asserts that because she was not aware that the foreclosure sale had been rescheduled, she did not personally notify Mellon Mortgage that she filed her second petition, as she did when she filed her first petition.

The Court finds that under the circumstances, there is no indication that Smith intentionally or unreasonably withheld notice of her petition. Further, there is no other basis for denying her the protection of the automatic stay. Accordingly, pursuant to *Easley,* the Court finds that the foreclosure sale is void.

## III.

London asserts that § 549(c) provides an exception to the principle that actions taken in violation of the automatic stay are void or voidable by protecting good faith purchasers of real property. Section 549 addresses post-petition transfers and states in relevant part:

(a) Except as provided in subsection ... (c) of this section, the trustee may avoid a transfer of property of the estate ... that occurs after the commencement of the case ... that is not authorized under this title or by the court.

. . . .

(c) The trustee may not avoid under subsection (a) of this section a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser.

11 U.S.C. § 549(a) and (c).

The Court concludes that § 549(c) is inapplicable in this context. Section 549(c) provides an exception to the trustee's right to avoid a transfer of property under § 549(a). However, this case does not involve an avoidance action under § 549(a). Rather, Smith moved to set aside the foreclosure sale because it violated the automatic stay. Section 549(a) was never implicated, and, accordingly, the exception to § 549(a) is not applicable. Further, because the Court has determined that the foreclosure sale is void, the sale did not result in a transfer for purposes of § 549(c). *In re Formisano*, 148 B.R. 217, 224 (Bankr.D.N.J.1992).

In *In re Servico, Inc.*, 144 B.R. 933 (Bankr. S.D.Fla.1992), the court held that § 549(a) applies only to postpetition transfers that are neither authorized nor expressly prohibited. It does not apply to a transfer in violation of the automatic stay because such a transfer is expressly prohibited. *Id.* at 936. The court further noted that § 362(d) provides a mechanism for the retroactive relief from the automatic stay. "Were § 549(c) type transfers that were in violation of the automatic stay intended not to be void, such acts would qualify under either §§ 362(b) or (d)." *Servico*, at 936.

In *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992), in attempting to reconcile the possible conflict between § 362 and § 549, the court stated:

[A] straightforward analysis of section 549 reveals that it is not intended to cover the same type of actions prohibited by the automatic stay nor rendered moot by section 362's voiding of all automatic stay violations. Section 549 applies to unauthorized transfers of estate property which are not otherwise prohibited by the Code. In most circumstances, section 549 applies to transfers in which the debtor is a willing participant. . . .

Section 362's automatic stay does not apply to sales or transfers of property initiated by the debtor. Thus, section 549 has a purpose in bankruptcy beyond the potential overlap with section 362. In other words, the automatic stay can void any violation and still leave section 549 with a valid and important role in bankruptcy. Section 549 exists as a protection for creditors against unauthorized debtor transfers of estate property.

*Id.* at 573–74 (citations omitted).

A number of cases have held that § 549(c) does provide an exception to § 362(a). *See In re Taylor*, 884 F.2d 478 (9th Cir.1989); *In re Carpio*, 213 B.R. 744 (Bankr.W.D.Mo. 1997); *In re D'Alfonso*, 211 B.R. 508 (Bankr. E.D.Pa.1997); *In re Hill*, 156 B.R. 998 (Bankr.N.D.Ill.1993). However, these cases are inconsistent with the plain language of the §§ 362(a) and 549. Further, this line of cases is inconsistent with the Sixth Circuit's holding in *Easley*.

Finally, the Court's holding is consistent with the purpose of both § 362(a) and § 549(c):

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6296–97.

Section 549(c) is intended to protect against a fraudulent debtor selling real property to an innocent purchaser who has no knowledge of the pendency of the bankruptcy case. 5 *Collier on Bankruptcy* ¶ 549.06, at 549–11 (Lawrence P. King ed., 15th ed.1997).

Accordingly, the Court finds the protection of § 549(c) unavailable to London. Smith's motion for summary judgment is therefore granted. Mellon's and London's motions for summary judgment are denied.

A further hearing is necessary to determine whether London is entitled to damages and from whom. London is therefore instructed to file a brief supporting his claim for damages within 21 days of the date of this opinion. Smith and Mellon Mortgage shall have 21 days in which to file a response. The Court will schedule a hearing.

The parties are instructed to submit an appropriate order.